991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff and
Counterdefendant-Appellee,
v.
Kristi HICKS, Defendant and Counterplaintiff-Appellant.
 No. 92-5969.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Kristi Hicks appeals a district court judgment which partially denied her claim in this diversity case based on Tennessee's workers' compensation law. Her case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument in this case.
 
 
 2
 The plaintiff, United States Fidelity and Guaranty Co. ("USFG"), was the workers' compensation insurer for Hicks's former employer. USFG sought a declaratory judgment in the district court regarding its liability for knee and back injuries that Hicks allegedly sustained in a work-related fall. Hicks filed a counter-claim for workers' compensation benefits. Following a bench trial, the district court awarded Hicks $5,536.20 for a 30% disability to her right leg. However, the court also held that USFG was not liable for the alleged injury to Hicks's back. It is this part of the judgment that Hicks now appeals.
 
 
 3
 The parties agree that Tennessee law determines the proper standard for reviewing this case. "Review of findings of fact by the trial court shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn.Code Ann. § 50-6-225(e)(2). Hick's argument that the trial court overlooked pertinent evidence is moot in light of our de novo review.
 
 
 4
 Hicks also argues that the district court placed too much emphasis on the failure of her treating orthopedist, Dr. Johnson, to record her alleged complaints of back pain before May 8, 1991. However, Hicks does not dispute the court's finding that she was seen by Dr. Johnson on at least 11 occasions after her fall and that Dr. Johnson referred to Hicks's back pain as a "new complaint" in May of 1991. In addition, Dr. Johnson testified that it was "unlikely" that Hicks's back pain was related to her fall because she did not complain about it for almost a year. Hicks argues that Dr. Johnson's response to a hypothetical question indicates that her back injury could be related to the fall. However, in a letter to Hicks's attorney, Dr. Johnson clearly indicated that it was "less than likely" that her fall caused or contributed to the condition of her back. This opinion is entitled to substantial deference because Dr. Johnson is Hicks's treating orthopedist and because he examined her on many more occasions than the other physicians mentioned in the medical record. Cf. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam).
 
 
 5
 Hicks points to her own uncontradicted testimony regarding complaints of back pain that she had made to her supervisors and to physical therapy exercises that were apparently prescribed for her back. She also notes that two other physicians admitted that her back pain might be related to her fall. However, this evidence does not preponderate over Dr. Johnson's clear indication that it was unlikely that Hicks's back complaints resulted from her fall. See Tindall v. Waring Park Ass'n, 725 S.W.2d 935, 937 (Tenn.1987). Moreover, Hicks's testimony is implicitly refuted by the absence of any reference to a back complaint in Dr. Johnson's notes until May of 1991.
 
 
 6
 Finally, Hicks argues that an MRI test, performed in May of 1991, disclosed a bulging or slightly herniated disc in her lower back. While this evidence supports Hicks's testimony regarding the existence of back pain, it does not show that her back condition was caused by her fall at work almost a year earlier.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.